UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDEL PEREZ GONI,

               Plaintiff,

vs.                           Case No.  2:05-cv-611-FtM-99SPC

C. SWANSON, D.M.D.; R. HEMPHILL;
A.K. JANI, M.D.; O. COATES,
R.N.S.A.; WARDEN M. HICKS,

               Defendants.
_____

## ORDER

This matter comes before the Court upon review of Plaintiff's "Motion for a Court Order With Exhibits #134 thr[u] #180 as evidence" (Doc. #76) construed by the Court as a Motion for Preliminary Injunction.  The Court directed Defendants to file a Response.  Defendants filed a Response (Doc. #81) and this matter is now ripe for review.

On December 23, 2005, Plaintiff, who is proceeding *pro se*, filed a Civil Rights Complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1) alleging Eighth Amendment violations against named defendants from Charlotte Correctional Institution.  In the motion *sub judice*, Plaintiff requests that the Court enter an Order directing: (1) officials at Santa Rosa Correctional Institution to transfer Plaintiff to a Reception Medical Center in order for Plaintiff to see a pathologist, gastroenterologist [sic], and a neurologist; (2) officials at Santa Rosa Correctional to provide Plaintiff with his medication for "the infection" and seizures as

previously prescribed by doctors; (3) the jail to provide Plaintiff an E.E.G. test as was prescribed by a neurologist; (4) the jail to release Plaintiff from confined management to the general population.

In support of the motion, Plaintiff claims that in spite of completing medical request forms and being charged for medical visits, he has not seen a doctor. Doc. #76 at 2. The dates of alleged incidents Plaintiff includes in this motion are not chronological and appear to concern incidents at several institutions, including Santa Rosa Correctional Institution (an institution **not** mentioned in Plaintiff's original civil rights Complaint) and Charlotte Correctional Institution. Plaintiff raises concern over the medical treatment for the infection of unknown origin mentioned in the Complaint and additionally raises concern over the treatment for his seizures, which Plaintiff was diagnosed with as a child. Additionally, Plaintiff alleges that individuals employed at the institutions retaliated against Plaintiff for filing this action by rejecting photos and a magazine, discontinuing Plaintiff's seizure medication, and failing to give Plaintiff gain time without providing a reason. Id. at 3-5.

In response to Plaintiff's Motion, Defendants' argument is two-fold. Defendants argue first that to the extent Plaintiff requests a preliminary injunction, the injunction is improper because it "relates to different potential defendants, different

-2-

claims, a different time frame, and a different correctional institution" than those raised in the Complaint.  Doc. #81 at 4. Defendants argue that four of Plaintiff's requests for relief are exclusively in the control of Santa Rosa Correctional.  Second, to the extent that Plaintiff requests to supplement or amend his Complaint with the allegations contained in the motion *sub judice*, Defendants argue that the motion is improper pursuant to Fed. R. Civ. P. 15(a) because the time frames predate and postdate the operative time frame in Plaintiff's Complaint.

In the Eleventh Circuit the issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001); see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest.  Four Seasons Hotels & Resorts, 320 F.3d at 1210; Suntrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast

Pub'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995).  The burden of persuasion for each of the four requirements is upon the movant.  Siegel v. Lenore, 234 F.3d 1163, 1176 (11th Cir. 2000)(*en banc*).

The Court agrees with the Defendants to the extent that the Court will not grant Plaintiff's Motion for the Preliminary Injunction.[1]  This Court lacks jurisdiction to grant Plaintiff the relief he seeks because Plaintiff's request for injunctive relief is directed at officers employed at Santa Rosa Correctional Institution.  Santa Rosa Correctional Institution is located in Milton, Florida, and is within the jurisdictional limits of the United States District Court for the Northern District of Florida. 28 U.S.C. § 1391(b).

To the extent Plaintiff wants to pursue an action relating to his allegations that he is not receiving proper medical care at Santa Rosa Correctional and/or claims that corrections officers are retaliating against Plaintiff for filing this action, Plaintiff shall first exhaust his available administrative remedies and then, if deemed appropriate, initiate a civil rights action in the U.S. District Court for the Northern District of Florida.

ACCORDINGLY, it is hereby

**ORDERED:**

---

[1]To the extent Plaintiff includes dates in the motion that pre-date and post-date the incident raised in Plaintiff's Complaint, these facts would be relevant in alleging a custom or practice of failure to provide proper medical treatment.

Plaintiff's "Motion for a Court Order With Exhibits #134 thr[u] #180 as evidence" (Doc. #76), construed as a Motion for a Preliminary Injunction, is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___15th___ day of February, 2007.

_John E. Steele_

JOHN E. STEELE
United States District Judge

SA: alj

Copies: All Parties of Record